**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

CHERYL GILMORE,
ESTATE OF CHERYL GILMORE,
ANTONIO ROSS, JOHNNY ROSS, and
ANY AND ALL WRONGFUL DEATH
BENEFICIARIES OF CHERYL
GILMORE, DECEASED                                                    PLAINTIFFS

VS.                                        CIVIL ACTION NO.5:09cv0067-DCB-JMR

ALEX WILSON, ESTATE OF ALEX
WILSON, DECEASED, THE MUNICIPALITY
OF ST. FRANCISVILLE, LOUISIANA,
CLARENCE ROBERTS, INDIVIDUALLY
AND AS AN AGENT OF THE MUNICIPALITY
OF ST. FRANCISVILLE, LOUISIANA, SCOTT FORD,
INDIVIDUALLY AND AS THE CHIEF OF POLICE
OF THE MUNICIPALITY OF ST. FRANCISVILLE,
LOUISIANA, THE PARISH OF WEST FELICIANA,
LOUISIANA, MARK DAIGLE, INDIVIDUALLY
AND AS AN AGENT OF THE PARISH OF WEST
FELICIANA, LOUISIANA, J. AUSTIN DANIEL,
INDIVIDUALLY AND AS THE SHERIFF OF THE
PARISH OF WEST FELICIANA, LOUISIANA AND
THE STATE OF LOUISIANA                                                DEFENDANTS

MEMORANDUM OF AUTHORITIES IN SUPPORT OF
THE MOTION OF THE STATE OF LOUISIANA

COMES NOW, the State of Louisiana, one of the Defendants in the above styled and

numbered cause, by its counsel of record, David S. Crawford and Lucien C. Gwin, Jr., and

files this its Memorandum of Authorities in Support of its Motion to Dismiss for the reasons

and grounds hereinafter assigned:

**I. Statement of Facts**

The well pled facts in the complaint assert that on or about December 3, 2007, the

deceased Defendant Alex Wilson was fleeing from Louisiana law enforcement authorities.

Engaged in the high speed pursuit were Clarence Roberts, a police officer of the City of St. Francisville, Louisiana and Mark Daigle, a deputy sheriff of West Feliciana Parish, Louisiana. (Complaint Paragraph IV.) No other officers are alleged to have participated in the pursuit in any fashion.

The pursuit of Wilson by Officer Roberts began in the City of St. Francisville (Complaint Paragraph IV) and was joined by Deputy Daigle in the Parish of West Feliciana (Complaint Paragraph IV). The chase continued into Wilkinson County, Mississippi at Woodville, Mississippi and then onto Mississippi Highway 24 toward Centreville, Mississippi (Complaint Paragraph IV).

The Defendant was operating his vehicle at speeds "well in excess of the posted speed limit" and "outside of his appropriate lane of travel" when his vehicle collided head-on with the vehicle of Plaintiff's decedent Mrs. Cheryl Gilmore causing her death.  Defendant Wilson died in the collision also.

As aforesaid no individuals other than the Defendants Roberts and Daigle are alleged to have participated in any way in the high speed chase of Wilson by Officer Roberts and Deputy Daigle.

## II. Procedural History

This suit, arising out of the above set out facts, was originally filed in the Circuit Court of Wilkinson County, Mississippi on December 3, 2008.  The auto accident which is alleged as the basis for Plaintiff's claims occurred on or about December 3, 2007, in Wilkinson County, Mississippi, on State Highway 24 West of Centreville, Mississippi. Named as Defendants are the City of St. Francisville, Louisiana, its Police Chief, Scott Ford, and Police Officer Clarence Roberts; the Parish of West Feliciana, Louisiana, its Sheriff J. Austin Daniel and Deputy Sheriff Mark Daigle. Also named as Defendants are Alex Wilson, individually, although he died in the auto crash one year prior to the filing of the suit, and the Estate of

Alex Wilson which was not opened nor any personal representative named at the time of the filing of the suit.  In fact, no estate has been opened to the date of this Motion.

Process was served on all of the Defendants save Alex Wilson who was dead and the Estate of Alex Wilson which has not been opened.  The State of Louisiana was served with process on March 25, 2009, and the State on April 23, 2009, timely removed the case to this Court.  All other Defendants except Wilson and the Estate of Wilson consented to and joined in the Removal on April 23, 2009.  The State filed its answer on April 27, 2009, in which was incorporated as First Defense:

> The Complaint fails to state a claim against this Defendant for which relief can be granted and must be dismissed pursuant to Federal Rules of Court Procedure 12(b)6 as to the State of Louisiana.

All of the other Defendants, except Alex Wilson, deceased, and the Estate of Alex Wilson, also filed answers on April 27, 2009.  All St. Francisville Defendants filed their Motions to Dismiss on April 27, 2009, based upon the Court's lack of in personam jurisdiction and Plaintiff's failure to comply with the notice requirements of the Mississippi Tort Claims Act, Miss. Code. Ann. Sec. 11-16-1. The West Feliciana Parish Defendants also filed their Motions to Dismiss on April 27, 2009, on the same grounds.

## **ARGUMENT**

### A.   THE STATE OF LOUISIANA IS NOT VICARIOUSLY LIABLE FOR THE ACTS OF LOUISIANA LOCAL LAW ENFORCEMENT OFFICERS

This suit was filed in the Circuit Court of Wilkinson County, Mississippi by the alleged wrongful death beneficiaries of Cheryl Gilmore, who was killed in the subject auto accident, Cheryl Gilmore, and the Estate of Cheryl Gilmore against Alex Wilson, and the Estate of Alex Wilson who was alleged to be a resident of Wilkinson County, Mississippi and who was also killed in the collision.  Also named as Defendants were the City of St. Francisville, Louisiana, Scott Ford its Police Chief and Clarence Roberts, a police officer of the city; West Feliciana

Parish, Louisiana, J. Austin Daniel, its sheriff and Mark Daigle one of its deputy sheriffs.  The complaint also named the State of Louisiana.

Of all of the named Defendants only Officer Clarence Roberts and Deputy Mark Daigle were in any way alleged to have been involved in the high speed pursuit which originated in St. Francisville, Louisiana and continued north into West Feliciana Parish, thence into Wilkinson County, Mississippi, Woodville, Mississippi and thence easterly toward Centreville, Mississippi where the collision happened.

There are no allegations against any individual official, agent or employee of the State of Louisiana.  The only allegations against the State of Louisiana appear in Paragraph XVIII of the Complaint:

> Each governmental entity named herein is a political subdivision of the State of Louisiana and as such under respondeat superior, any action of the named Defendants other than Wilson Defendants is imputed to the State of Louisiana.

No other allegation whatsoever is made in the complaint against the State of Louisiana nor are there any specific allegations of any acts or omissions whatsoever of the State of Louisiana causally related to the accident.

Under FRCP Rule 12(b)(6), the Court accepts as true the well pleaded facts of the complaint, but must reject the complaint's "bald accusations and legal conclusions" which cannot defeat this motion.  12B Wright and Miller, Fed. Practice Proc., p. 244.  The decisions point out that the district court is not bound by a pleading's "legal conclusions," its "unsupported conclusions" or its "unwarranted references" or "legal conclusions cast in the form of factual allegations."  5B Wright & Miller, Fed. Practice Proc. Sec.1357, pp. 531, 539, 540.

With no factual background or identified individual actors it is clear that the sole allegation of the complaint against the State of Louisiana, is just the sort of unacceptable

pleading as is condemned by the case law.   James v. Alcoa, Inc., 339 F. 3d 359 (C.A. 5th 2003); cert. denied, 1245 S. Ct. 1173, _____, U.S. _____, 159 L. Fed. 2nd 1206.

The statutory provisions of Louisiana make clear that Plaintiff's theory of respondeat superior cannot survive this Motion to Dismiss as in this factual situation it is obvious the Plaintiff cannot prevail on the facts alleged in the complaint and any amendment to the complaint would be futile as a matter of law. Pugh v. Parish of St. Tammany, 875 F.2nd 436 (C.A. 5th 1989).

The law is clear in the State of Louisiana that the State:

"shall not be liable for any damage caused by a ... sheriff... or public officer of a political subdivision within the course and scope of his official duties, or damage caused by an employee of a ... sheriff ... or public officer of a political subdivision."  LSA-R.S. 42:1441A.

Paragraph C of the same revised statute provides:
"C. For the purposes of this Section, "political subdivision means a parish, municipality ... authorized to perform government functions."

The language of the statues is clear that these enactments absolutely absolve the State of  Louisiana from any vicarious liability for the acts of the officers involved in the pursuit. Martinez v. Reynolds, 398 So. 2nd 156 (La. App. 3 Cir. 1381);Hebert  v. Angelle, 600 So. 2nd 832 (La. App. 3 Cir. 1992).

That Sections 1441A and C mean exactly what they say in prohibiting any suit against the State of Louisiana is reinforced by the provisions of LSA-R.S. 13:5108.1 which provides for the State indemnification and defense of multiple "covered individuals" and enumerated officials, officers and municipalities of State government and branches thereof.   Section 13:5108.1E(3) provides that:

(3) Covered individuals does not include:
        (a) an official, officer or employee of a municipality ... parish...
        (b) ... sheriffs ... nor the officials, officers or employees thereof.

Therefore as a matter of law the State of Louisiana is not vicariously liable, under respondeat superior, for the acts of police officer Clarence Roberts, Police Chief Scott Ford, or the municipality of St. Francisville, Louisiana; nor is the State of Louisiana liable under that theory for the acts of deputy sheriff Mark Daigle, Sheriff J. Austin Daniel or the Parish of West Feliciana, Louisiana.

B.    THE STATE OF LOUISIANA IS IMMUNE FROM THE PROSECUTION OF THE SUIT OF AN INDIVIDUAL IN ANY COURT OTHER THAN A LOUISIANA STATE COURT.

In protecting its legitimate self-interest, the State Legislature of Louisiana in 2005 enacted the following revised statute, § LSA-R.S. 13:5106:

Section 5106 Limitations.

No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana State Court.

Here, Louisiana was sued in the Circuit Court of Wilkinson County, Mississippi, clearly in violation of Section 5106 A. under the plain language of the state, Plaintiffs' claim against the State of Louisiana, if any they have, must be brought and only brought in the state courts of Louisiana.

Furthermore, the Eleventh Amendment to the Constitution provides:

The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizen of another state, or by citizens or subject of any foreign state.

Admittedly in the ordinary circumstances in which a state voluntarily removes a case to federal court, it invokes federal jurisdiction and thereby waives its Eleventh Amendment immunity to prosecution of a suit against it in federal court.  Clark v. Barnard, 108 U.S. 436, 2 S. Ct. 878, 27 L. Ed 780.  This question was more recently presented to the U. S.

Supreme Court in <u>Board of Regents of the University System of Georgia v. Lapides</u>, 535 U.S. 613, 122 S Ct. 1640, 152 L. Ed 2d 806 (2002) in which the State of Georgia having been sued in its own state courts voluntarily removed the case to the U.S. District Court for the Northern District of Georgia.  In reaffirming the long standing rule that removal by a state waives its Eleventh Amendment immunity, the court specifically noted that "we must limit our answer (to the non-waiver argument of Georgia) to the context of state law claims in respect to which the state has explicitly waived immunity from state - court proceeding."

Here, Plaintiffs, residents of Mississippi, brought this suit in the state courts of Mississippi against the State of Louisiana.  The nature of the cause of action against the State of Louisiana is specifically the subject of LSA R.S. 42:1441, in which the State of Louisiana is clearly declared to be immune from any suit for damages caused by a sheriff, deputy sheriff, police chief or police officer, a parish or municipality, thus abrogating any theory of Plaintiffs in this case based upon vicarious liability of the State of Louisiana. Furthermore, pursuant to LSA R.S. 13:5106, the State of Louisiana has declared its immunity from prosecution of any suit against it in any court other than its own state courts. This prohibition or "immunity" includes a suit by an individual resident of Mississippi filing his suit in the state courts of Mississippi as well as the prosecution of the suit in the federal courts.

There is no federal law claim presented in the complaint against any Defendant.  The claims are purely state law claims – that is, claims for personal injury and wrongful death. The State of Louisiana being sued in the state courts of another state was left little alternative in protecting itself against the courts of a foreign state other than to remove the matter to the federal court system.

The fact that Louisiana has not waived its immunity from prosecution of suits in any state or federal court other than its own state courts and that the suit against it was filed in the state courts of Mississippi left Louisiana little or no choice but to remove the case to the federal courts and Louisiana submits that it found itself in that "special feature of removal – that would justify taking the case out from the general rule." Lapidies, supra at 535 U.S. at 614, 122 S. Ct. At 1641, 152 L. Ed 2d at 807.

C.     THE CIRCUIT COURT OF WILKINSON COUNTY, MISSISSIPPI AND
       THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
       DISTRICT OF  MISSISSIPPI LACK IN PERSONAM JURISDICTION
       ON THE STATE OF LOUISIANA.

In a case such as this, this Court only has such in personam jurisdiction over non-resident defendants as did the Circuit Court of Wilkinson County, Mississippi.  Obviously, the State of Louisiana is non-resident of the State of Mississippi.  Hence, in this personal injury and wrongful death action, the only way the Circuit Court of Wilkinson County could acquire personal jurisdiction over the State of Louisiana was through utilization of the Mississippi "long arm" statute which requires the defendant to have been operating a vehicle on the highways of the State of Mississippi at the time of the collision and injuries.  Miss. Code Ann., §13-3-63.

Adopting the pleadings in this case and the absolute law of Louisiana abrogating any theory of the State of Louisiana's vicarious liability for the actions of local law enforcement officers, there can be no plausible argument that any officer, agent, or employee of the State of Louisiana was utilizing the highways of Mississippi or was involved in this accident. Therefore, the process provided for in the "long arm" statute cannot reach the State of Louisiana.

Other parties Defendants have cited the case of <u>City of Cherokee v. Parsons</u>, 944 So. 2d 886 (Miss. 2007), which is remarkably similar to the case at bar.  There the Mississippi Supreme Court dismissed all of the Alabama governmental defendants who did not participate in a high speed pursuit of felony suspects from Alabama into Mississippi where the accident happened.  The court held in personam jurisdiction was proper only as to those officers who entered into Mississippi but not the other state agencies and officers who never entered Mississippi. <u>City of Cherokee v. Parsons</u> mandates the dismissal of the State of Louisiana.

<u>**CONCLUSION**</u>

The State of Louisiana respectfully submits that this cause of action filed against it must be dismissed because the Courts of the State of Mississippi and this Court do not have in personam jurisdiction against it; that in law there is no vicarious liability against it in these facts; and that Louisiana is immune from the prosecution of this case in both this Court and the Circuit Court of Wilkinson County, Mississippi.

**RESPECTFULLY SUBMITTED**, this 5th day of May, 2009.

**STATE OF LOUISIANA, DEFENDANT**

By*:   s/ Lucien C. Gwin, Jr.*
         **Lucien C. Gwin, Jr.**

**OF COUNSEL:**
David S. Crawford
WILKERSON & CRAWFORD
P. O. Box 1017
Woodville,  MS 39669
Telephone: (601) 888-3102

Lucien C. Gwin, Jr.
MS Bar No. 5087
GWIN, LEWIS & PUNCHES, LLP
P. O. Box 1344
Natchez, MS 39120
Telephone: (601) 446-6621
**Attorneys for the State of Louisiana**

## CERTIFICATE

The undersigned attorney for Defendant does hereby certify that he has this day filed the foregoing with the Clerk of Court, using the ECF system for electronic delivery to:

Mr. Al Shiyou
Mr. Victor A. Dubose
Shiyou Law Firm
P. O. Box 310
Hattiesburg, MS 39403
Attorney for the Plaintiff

Mr. L. Ivan Burghard
Attorney at Law
310 W. Pine Street
Hattiesburg, MS 39401
Attorney for the Plaintiff

Mr. Robert O. Allen
Allen, Allen, Breeland & Allen, PLLC
P.O. Box 751
Brookhaven, MS 39602-0751
Attorney for St. Francisville, LA, Clarence Roberts and Scott Ford

Mr. Michael J. Wolf
Page Kruger & Holland, PA
P.O. Box 1163
Jackson, MS 39215-1163
Attorney for Parish of West Feliciana, Mark Daigle and J. Austin Daniel

This the 5th day of May, 2009.

*Lucien C. Gwin, Jr.*
Lucien C. Gwin, Jr.